IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOANNA McGLOTHIN NAVARRO, et al.,
        Plaintiffs,

-vs-                                              Case No. A-06-CA-1004-SS

SOARING HELMET CORP. and VEGA
HELMET CORPORATION,
        Defendants.

_____

**O R D E R**

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the defendants' motions to exclude the testimony of Richard Stalnaker and Joseph Burton [#78, #79], and thereafter, enters the following.

       The United States Court of Appeals for the Fifth Circuit found the plaintiffs have presented "medical evidence that Navarro suffered a fatal head injury" and, therefore, there is a "material fact in dispute regarding the cause of Navarro's death, and it is up to a jury to resolve this dispute."

       This case is set for jury trial in May 2010 and each side has been granted ten hours in which to present its testimony. It is the undersigned's policy and practice to handle *Daubert* objections in trial. On any witness wherein a *Daubert* objection is made, the Court will hear that testimony outside the presence of the jury. If the Court sustains the *Daubert* objection, the time consumed in hearing the testimony will be allotted to the presenter of the witness. If the Court overrules the *Daubert* objection, the time allotted to the hearing of the testimony of the witness will be allotted to the objector.

As the motions and responses are clearly in excess of hundreds of pages, the Court does not anticipate any review in advance of trial. Therefore, the Court will dismiss the motions to exclude without prejudice to re-urging at the time of trial.

The undersigned is well aware of the allegations in this lawsuit and the probable objections as to stark speculation as to the specific cause or causes of death of Ricardo Navarro and, more specifically, the issues of causation regarding the products liability allegations to any injury or death of Ricardo Navarro. The circuit court has clearly indicated the record before it established a jury issue regarding the cause of Ricardo Navarro's death, but the panel did not determine that the record before it was based on admissible testimony. For the purpose of planning, it appears from the initial review of the objections and responses that the opinions regarding an injury may be admissible with cross-examination going to the weight of the opinions and the issue on any opinion on causation being dependant upon the evidence presented at trial. For these reasons, the Court is precluded from making any decision on the exclusion on the testimony or partial testimony of any witness in the abstract.

IT IS ORDERED that the motions to exclude the testimony of Richard Stalnaker and Joseph Burton [#78, #79] are DISMISSED without prejudice to re-urging at the time of trial.

SIGNED this the 12th day of November 2009.

                                                                                                                                                            *Sam Sparks*

UNITED STATES DISTRICT JUDGE